VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND

ELLEN FIELD,
    Plaintiff,

v.

Case No.: _____

KROGER,
KROGER GROCERY STORE at 1510 Eastridge Road, Richmond, VA 23229,
KROGER LIMITED PARTNERSHIP I,
    and
THE KROGER COMPANY,
    Defendants.

## COMPLAINT

COMES NOW the Plaintiff, ELLEN FIELD, by counsel, and moves for judgment and an award of execution against the Defendants, KROGER, KROGER GROCERY STORE at 1510 Eastridge Road, Richmond, VA 23229, KROGER LIMITED PARTNERSHIP I, AND THE KROGER COMPANY, on the grounds and in the amount set forth below.

1. Defendants, KROGER, KROGER GROCERY STORE at 1510 Eastridge Road, Richmond, VA 23229, KROGER LIMITED PARTNERSHIP I, AND THE KROGER COMPANY, own, operate, and/or lease a commercial retail property that is open to the public and located at 1510 Eastridge Road, Richmond, VA 23229.

2. That the commercial retail store located at 1510 Eastridge Road, Richmond, VA 23229 during the relevant time period was and is known as Kroger.

3. That on or about October 3, 2018, the Plaintiff was a business invitee at Kroger, located on the Defendants' property at 1510 Eastridge Road, Richmond, VA 23229.



EXHIBIT B

4. That on or about October 3, 2018, an inherently dangerous condition existed on the premises of 1510 Eastridge Road, Richmond, VA 23229, which was a section of the lot for handicap parking and constituting part of a path frequently used by customers. This area contained an unsafe and/or improperly placed parking lot bumper stop, creating a hazardous condition and endangering customers walking to and from the store's parking lot.

5. That on or about October 3, 2018, the Plaintiff exited her vehicle in the handicap parking section, tripped over an unsafe and/or improperly placed parking lot bumper stop located in the handicap parking lot, and fell upon the hazardous section of the handicap parking lot.

6. The unsafe and/or improperly placed bumper stop was in the path frequently used by handicapped customers.

7. That as a result of an unsafe and/or improperly placed parking lot bumper stop in the handicap parking lot, constituting part of a path frequently used by customers, she suffered bodily injuries.

## Count I: Negligence

8. Paragraphs 1 through 7 are incorporated by reference herein to this Count I.

9. That the Defendants had actual and/or constructive knowledge of this inherently dangerous condition at 1510 Eastridge Road, Richmond, VA 23229, and/or knew or should have known that a dangerous condition existed.

10. That the Defendants, through their agents and employees, knew or should have known of the inherently dangerous condition at 1510 Eastridge Road, Richmond, VA 23229.

11. That the Defendants knew or should have known, through their own actual or constructive knowledge, or through that of their agents or employees, that the condition carried an unreasonable risk of harm to invitees.

12. That the Defendants knew or should have known that an injury such as the one sustained by the Plaintiff was the natural and foreseeable consequence of such a hazardous condition.

13. That the Defendants had a duty to maintain their property, including an unsafe and/or improperly placed parking lot bumper stop in the section of the handicap parking lot in question, in a manner reasonably safe for the Plaintiff's use as a business invitee.

14. That the Defendants failed to take reasonable steps to place the unsafe and/or improperly placed parking lot bumper stop in a condition that would be reasonably safe for business invitees.

15. That the Defendants' failure to place an unsafe and/or improperly placed parking lot bumper stop in a reasonably safe condition allowed a hazardous condition to develop.

16. That the Defendants had a duty to make their place of business reasonably safe for Plaintiff's use as a business invitee once the hazardous condition developed.

17. That the Defendant failed to take reasonable steps to make their place of business reasonably safe for business invitees, including the Plaintiff, following the development of the hazardous condition of the unsafe and/or improperly placed parking lot bumper stop.

18. That as a result of the Defendants' failure to take reasonable steps to make their property reasonably safe for business invitees the hazardous condition was still present in the parking lot on October 3, 2018.

19. That the Defendants had a duty to warn the Plaintiff of the existence and location of the hazardous condition of which they had actual and/or constructive knowledge.

20. That the Defendants did not, and made no effort to warn the Plaintiff or other business invitees of the hazardous condition of the parking lot in question.

21. That the Defendants' failure to maintain their property in a reasonably safe condition, failure to make their property reasonably safe after the condition developed, and failure to notify business invitees, including the Plaintiff, of the hazardous condition, unreasonably breached their common law duties to the Plaintiff.

22. That as a direct and proximate consequence of these breaches of duty, Plaintiff suffered bodily injuries.

23. That the injuries suffered by Plaintiff were reasonably foreseeable to the Defendants' and their agents.

24. That the Defendants' unreasonable breach of their duties to the Plaintiff, being the direct and proximate cause of Plaintiff's injuries, constitute negligence.

25. That as a direct and proximate result of the Defendants' recklessness, gross negligence, *per se* negligence, ordinary negligence, and / or nuisance, combined and concurring, and under theories of agency/principal, master/servant and/or *respondent superior*, the Plaintiff was caused to sustain serious and permanent injuries; has incurred and will incur loss of income; has suffered and will continue to suffer pain of body and mind; and has had her ability to engage in and enjoy life adversely affected on account of the incident and resulting injuries.

### Count II: Negligence *Per Se*

26. Paragraphs 1 through 25 are incorporated by reference herein to this Count II.

27. That the Defendants had a duty under the Virginia Uniform Statewide Building Code § 302.3, Chesterfield County Ordinance § 5-1, and/or § 303.2 of the 2003 ICC/ANSI A117.1 to maintain all walkways in a proper state of repair, free from all hazardous conditions.

28. That, in spite of these duties, and in violation of Virginia Uniform Statewide Building Code § 302.3, Chesterfield County Ordinance § 5-1, and/or § 303.2 of the 2003 ICC/ANSI A117.1, the Defendants placed an unsafe bumper stop and/or improperly placed parking lot bumper stop, free from hazardous conditions.

29. That as a direct and proximate result of Defendants' breach of their duties the Plaintiff suffered the injuries and damages complained of herein.

30. That the injuries sustained by Plaintiff are of a type that the Virginia Uniform Statewide Building Code § 302.3, Chesterfield County Ordinance § 5-1, and § 303.2 of the 2003 ICC/ANSI A117.1 were created to prevent.

31. That Plaintiff as a pedestrian business invitee is of the class of individuals that the Virginia Uniform Statewide Building Code § 302.3, Chesterfield County Ordinance § 5-1, and § 303.2 of the 2003 ICC/ANSI A117.1 were created to protect.

32. That as a result of this violation of Virginia statutory, administrative and municipal law, including but not limited to the Virginia Uniform Statewide Building Code § 302.3, Chesterfield County Ordinance § 5-1, and/or § 303.2 of the 2003 ICC/ANSI A117.1 the Defendants were negligent *per se*.

33. That as a direct and proximate result of the Defendants' recklessness, gross negligence, *per se* negligence, ordinary negligence, and / or nuisance, combined and concurring, and under theories of agency/principal, master/servant and/or *respondent superior*, the Plaintiff was caused to sustain serious and permanent injuries; has incurred and will incur loss of income; has suffered and will continue to suffer pain of body and mind; and has had her ability to engage in and enjoy life adversely affected on account of the incident and resulting injuries.

## Count III: Nuisance

34. Paragraphs 1 through 33 are incorporated by reference herein to this Count III.

35. That the parking lot in question containing the relevant hazardous condition is owned, operated, or maintained by the defendants.

36. That the parking lot in question is publicly accessible and open to the public.

37. The Defendants knew and/or should have known, personally or through their agents, that the parking lot in question was used by the general public.

38. That the Defendants, through their negligence, permitted the existence of a hazardous condition in the parking lot, which in and of itself put the public at risk of injury.

39. That this use of the property by the Defendants unreasonably and substantially endangered the health of the public and exposed them to risk of personal injury while traversing the parking lot.

40. That this hazardous condition so endangered the public at all times and under all conditions for the duration of its existence.

41. That this hazardous condition, created by the Defendants' use or misuse of the property, continuously, substantially, and unreasonably endangered the public, and in doing so constituted a public nuisance.

42. That as a direct and proximate result of the Defendants' recklessness, gross negligence, *per se* negligence, ordinary negligence, and / or nuisance, combined and concurring, and under theories of agency/principal, master/servant and/or *respondent superior*, the Plaintiff was caused to sustain serious and permanent injuries; has incurred and will incur loss of income; has suffered and will continue to suffer pain of body and mind; and has had her ability to engage in and enjoy life adversely affected on account of the incident and resulting injuries.

**WHEREFORE**, the Plaintiff, ELLEN FIELD demands judgment against the Defendants, KROGER, KROGER GROCERY STORE at 1510 Eastridge Road, Richmond, VA 23229, KROGER LIMITED PARTNERSHIP I, AND THE KROGER COMPANY jointly and severally, in the sum of TWO MILLION FIVE HUNDRED THOUSAND AND 00/100 DOLLARS ($2,500,000.00) for compensatory damages, her costs expended in this action and prejudgment interest from the date of injury, under the theory of *respondent superior*, master/servant, vicarious liability and agency principles.

**TRIAL BY JURY IS DEMANDED.**

ELLEN FIELD,

BY: _____
Counsel

Emmet D. Alexander, Esquire (VSB No. 41248)
Michael R. Krol, Esquire (VSB No. 80584)
Robert G. Maury, Esquire (VSB No. 88233)
Alexander Law Group, PLC
6601 Irongate Square, Suite A
Richmond, Virginia 23234
☎ 804-271-1969
📠 804-271-0806
michael@alexanderlawgroupplc.com